US District Court
Washington DC

FILED
APR - 9 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dolores Barot
6707 14th Street NW Apt. A
Washington DC 200012

V

Embassy of the Republic of the Zambia
2419 Massachusetts Avenue NW
Washington, D.C. 20008

Case: 1:13-cv-00451
Assigned To : Jackson, Amy Berman
Assign. Date : 4/9/2013
Description: Employ Discrim.



## COMPLAINT

Comes now **Plaintiff, Dolores Barot**, a resident of Washington D.C. and hereby sues **Defendant, the Embassy of the Republic of Zambia**, located in Washington D.C. for violations of federal employment law, including Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, Equal Pay Act, and for retaliation against one who exercised employment rights;

This law suit is filed within 90 days from the date Defendant received the right-to-sue letter from the Equal Employment Enforcement Commission (EEOC);

As a consequence of the above-stated wrongs by Defendant on Plaintiff, Plaintiff lost wages, benefits and any monetary interest thereto, and experienced pain and suffering, emotional distress, and embarrassment.

Therefore, Plaintiff is due back wages, benefits and interest on the back wages, as well as compensation for pain and suffering and other foreseeable damages; and for all consequential, contractual and punitive damages amounting to in excess of $75,000.00 .

RECEIVED
MAR 18 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## JURISDICTION

This honorable court has subject matter jurisdiction over law suits involving violations of federal employment law.

The Equal Employment Opportunity Commission (EEOC) has issued a Notice of Suit Rights allowing plaintiff to sue the defendant accordingly and within 90 days of receipt of the Right to Sue, a time-frame within which this law suit has been filed.

The defendant is not entitled to sovereign immunity because the wrongs it has engaged in fall under commercial activity, as concluded by the EEOC, and as such fall under the commercial activity exception of 28 U.S.C. § 1605(a)(2).

Plaintiff's claim exceeds $75,000.00 in damages from the Defendant.

## PARTIES

**Dolores Barot**, the plaintiff in this case, at the time of the Defendant's wrong, resided at 6707 14th Street NW Apartment A Washington DC 20012, and still resides there now.

Plaintiff was employed by the Defendant, **Embassy of Zambia**, from January 1998 to November 2009, as a secretary and an accounts assistant.

Defendant, the **Embassy of the Republic of Zambia**, is an agent of the Republic of Zambia, and is located at 2419 Massachusetts Avenue NW, Washington DC 20008.

## FACTUAL ALLEGATIONS

On or about December 22, 1997, the Defendant made an offer of employment to Plaintiff for the position of secretary, which the Plaintiff accepted in writing.

Plaintiff began her employment with the **Embassy of Zambia** on January, 1998 and continued such work for Defendant, without any problems or complaints, but rather with commendable service, as Defendant describes.

In 2002, Defendant assigned to Plaintiff accounting duties, in addition to the secretarial duties Plaintiff was already engaged in.

On September 8, 2009, the Plaintiff requested in writing from the Defendant a salary increase to reflect, among other things, her extra accounting duties.

On September 10, 2009, just two days after Plaintiff's request for a salary increase, Defendant placed Plaintiff on "Indefinite Administrative Leave", entitling Plaintiff to only 50 percent of her salary.

On September 10, 2009, two days after her request for salary increase, Defendant handed Plaintiff a letter ordering her to pack her possessions and leave the premises.

On that same date, Defendant's officials escorted Plaintiff off the premises.

On September 10, 2009, Defendant's agents in a rough, belligerent and belittling manner, demanded that Plaintiff return the office keys, and thereby, cut Plaintiff's finger, causing it to bleed, and further causing Plaintiff pain and humiliation.

At the time of the actions alleged against the Defendant, Plaintiff was a 63 year old Filipina female.

At no time did the Defendant afford the Plaintiff any opportunity to be heard on any charges against her that caused reason for her dismissal.

At or about the time or shortly after terminating Plaintiff's employment, Defendant hired a much younger male who the Defendant knew had inferior skills and work experience than the Plaintiff.

Defendant did not timely pay Plaintiff's dismissal pay, as required under the employment contract or practices

Defendant's above-described series of prejudicial and negative employment-related actions against the Plaintiff arose because of Plaintiff's gender, age, and national origin, and have thereby violated Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Equal Pay Act.

After learning that the EEOC was ruling against Defendant and in favor of Plaintiff, Defendant has consistently ignored attempts at conciliation by the EEOC and has ignored any attempts by the EEOC to start any communication whatsoever; and has consistently disregarded U.S. law on employment rights, as if with arrogance and impunity, to the detriment of the Plaintiff.

## PRAYER FOR RELIEF

Therefore, the Plaintiff prays that this honorable court order the Defendant to provide the Plaintiff the following relief:

Compensatory damages in the amount of at least $130,8. 00, computed thus:

2009  December  ($3,150.00 x 1 month)
2010  January to December ($3,210.00 x 12 months)*
   $38,520.00
2011  January to December ($3,270.00 x 12 months)*
   $39,240.00
2012  January to December ($3,330.00 x 12 months)*
   $39,960.00
2013 January to March (3,390.00 x 3 months)*
   $10, 170.00

**$131, 040.00.00**

Punitive damages in the amount of $393,120.00, representing treble the amount of compensatory damages for lost wages arising out of unlawful termination under the Age Discrimination Act , Title VII of the Civil Rights Act and for other wrongs.

$1,000.00 for reimbursement of attorney

And for such other relief as the court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this case.


Respectfully Submitted,

_____  3.13.13

Leonardo Canseco

9710 Traville Gateway Dr. Suite 102 Rockville, MD 20850


Bar Number  MD 28223

Attorney for Plaintiff Dolores Barot