UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOLORES BAROT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0451 (ABJ) |
| | ) | |
| EMBASSY OF THE REPUBLIC OF THE ZAMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Dolores Barot filed this case against defendant Embassy of the Republic of Zambia, alleging that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) (2012), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a) (2008), and the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1303 *et seq.* (2001), when it denied her a raise, terminated her employment, and withheld funds plaintiff alleges were owed to her under her employment agreement. Am. Compl. ¶¶ 48–65 [Dkt. # 17]. Defendant filed a motion to dismiss plaintiff's amended complaint, arguing, among other things, that the case should be dismissed for insufficient service of process and for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2). Def.'s Mot. to Dismiss & Mot. to Strike ("Def.'s Mot.") [Dkt. # 21]; Def.'s Mem. of Law in Supp. of Def.'s Mot. ("Def.'s Mem.") [Dkt. # 21-1]. Plaintiff opposed the motion. Pl.'s Opp. to Def.'s Mot. ("Pl.'s Opp.") [Dkt. # 24]. Because the Court finds that plaintiff failed to perfect service on defendant in accordance with the strict requirements of section 1608(a)(3) of the Foreign Sovereign Immunities Act ("FSIA"), and

because insufficient service of process also deprives this Court of personal jurisdiction over defendant, the Court will grant defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2).

## BACKGROUND

Plaintiff Dolores Barot began working as a secretary for the Embassy of the Republic of Zambia on January 5, 1995. Am. Compl. ¶ 9. She alleges that in 2002, she was assigned to perform additional duties that were not within her job description. *Id.* ¶ 16. Seven years later, on September 8, 2009, plaintiff requested that defendant increase her salary to reflect an increase in her in job duties, but on September 9, 2009, defendant denied the request and instead decreased plaintiff's responsibilities.[1] *Id.* ¶¶ 23–24. The following day, defendant asked plaintiff about the disappearance of a USB flash drive, and plaintiff denied knowing anything about it. *Id.* ¶ 25. Defendant then placed plaintiff on indefinite administrative leave – which had the effect of reducing her salary – and it had her escorted out of the Embassy. *Id.* ¶¶ 26, 33–34. In a letter dated November 5, 2009, but postmarked November 25, 2009, defendant informed plaintiff that her employment at the Embassy was terminated, effective October 31, 2009. *Id.* ¶ 28. Plaintiff also alleges that prior to her termination, defendant improperly withheld wages that were due, and that she was not made whole upon her departure. *Id.* ¶¶ 29–31, 33–34, 37–39.

Plaintiff believed her termination was the result of gender and age discrimination and that she was the victim of unlawful retaliation, so she filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") on July 20, 2010. *See id.* ¶ 40. The EEOC investigated plaintiff's charge and issued a determination letter in her favor. *Id.* ¶ 41. The

---

1       The complaint does not specify whether plaintiff's request was in response to the increase her in job duties that occurred seven years prior, or if defendant had again increased plaintiff's job duties between 2002 and 2009.

agency informed plaintiff on December 21, 2012 that the Embassy would not participate in conciliation, and that she therefore had ninety days to file suit in a federal district court. *Id.* ¶ 43. Plaintiff filed the original complaint giving rise to this case in the spring of 2013. *See id.* ¶ 44; *see also* Compl. [Dkt. # 1].

The Court granted plaintiff's motion to proceed *in forma pauperis*, and as a result, the U.S. Marshal's Service aided plaintiff in her attempt to perfect service on defendant, albeit unsuccessfully. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). After the summons was returned unexecuted, plaintiff made three more attempts at effectuating service in this case.

## I. The First Attempt

On August 16, 2013, the Court ordered plaintiff to provide it with the necessary information so that service could be effected pursuant to FSIA, 28 U.S.C. § 1608(a)(3) by having the Clerk of the Court mail the required documents to the head of the ministry of foreign affairs in Zambia. Order, Aug. 16, 2013 [Dkt. # 4]. Plaintiff properly complied with that request. Resp. to Order of the Court [Dkt. # 5]. But on September 4, 2013, the Court incorrectly instructed the Clerk of the Court to mail the summons and complaint to the Embassy of Zambia pursuant to FSIA, 28 U.S.C. § 1608(b), Order, Sept. 4, 2013 [Dkt. # 6], and service was mailed by the Clerk of the Court to the Embassy's Washington, D.C. address on September 6, 2013. Certificate of Clerk [Dkt. # 8].

Two months later, defendant filed a motion for reconsideration of the order permitting plaintiff to serve it pursuant to section 1608(b)(3). *See* Def.'s Mot. for Recons. [Dkt. # 15]. It also filed a motion to dismiss and to strike based on, among other things, its argument that plaintiff had failed to properly effectuate service. *See generally* Def.'s Mot to Dismiss & to Strike [Dkt. #16]. The Court granted the motion for reconsideration, noting that an embassy is

considered a "foreign state or political subdivision of a foreign state" under FSIA and therefore must be served in accordance with 28 U.S.C. § 1608(a), not subsection 1608(b). *See* Nov. 18, 2013 Minute Order, citing *Ellenbogen v. The Canadian Embassy*, No. 05-1553, 2005 WL 3211428, at *2 (D.D.C. Nov. 9, 2005).

## II. The Second Attempt

After the Court granted the motion for reconsideration, it ordered plaintiff to "file with the clerk's office the necessary documents for service to be effected pursuant to 28 U.S.C. § 1608(a), including a notice of suit that complie[d] with all the requirements contained in 22 C.F.R. § 93.2, by December 9, 2013." *Id.* On December 5, 2013, plaintiff filed an affidavit requesting foreign mailing by the Clerk's Office pursuant to 28 U.S.C. § 1608(a)(3). Pl.'s Aff. Requesting Foreign Mailing [Dkt. # 19]. But eight days later, plaintiff filed a notice of correction, informing the Court that:

> Plaintiff's counsel was notified by the Office of the Clerk that the mailing [requested on December 5, 2013,] had not been sent from the Clerk's office for service. To correct this error Plaintiff mailed the required documents to Defendant to execute service pursuant to 28 U.S.C. § 1608(a) on December 12, 2013.

Pl.'s Notice of Correction at 1 [Dkt. # 20]. Plaintiff attached the documents it mailed to defendant on December 12, 2013, including a copy of the certified mail receipt, which showed that plaintiff mailed the materials to "Embassy of the Republic of Zambia, 2419 Massachusetts Avenue, NW, Washington, DC 20008." Ex. 1 to Pl.'s Notice of Correction at 1 [Dkt. # 20-1]. Plaintiff also filed an amended complaint, which led the Court to deny defendant's pending motions to dismiss and to strike as moot. *See* Jan. 6, 2014 Minute Order.

4

### III.    The Third Attempt

On January 15, 2014, defendant filed its motion to dismiss the amended complaint and a motion to strike plaintiff's jury demand and request for punitive damages,[2] arguing – among other things – that plaintiff's December 12, 2013 attempt at service did not satisfy the strict requirements of section 1608(a).  Def.'s Mem. at 13–16.  Plaintiff responded by filing another request for the Clerk of the Court to effectuate service in compliance with section 1608(a)(3) on January 31, 2014, *see* Pl.'s Request [Dkt. # 22], as well as filing an opposition to defendant's motion on February 3, 2014.  *See generally* Pl.'s Opp.  The Clerk of the Court filed a certificate of mailing of the summons and amended complaint on behalf of plaintiff on February 3, 2014, *see* Certificate of Clerk [Dkt. # 23], and it attached a copy of the DHL Waybill, which showed that plaintiff had addressed the package to:  "Embassy of Zambia, P.O. Box 50069, Lusaka City, Zambia."  Ex. 1 to Certificate of Clerk ("DHL Waybill") [Dkt. # 23-1].  Plaintiff subsequently filed a notice of completed service of process, and she attached a delivery confirmation received from DHL that showed that an individual identified as "Kadimba" had accepted and signed for delivery of the process papers.  *See* Return of Service Aff. [Dkt. # 27].

## STANDARD OF REVIEW

### I.    Federal Rule of Civil Procedure 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over each defendant.  *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  In order to survive a motion to dismiss for lack of personal jurisdiction, the "plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988).  Plaintiff "cannot rely

---

2    Plaintiff concedes that she is not entitled to a jury or punitive damages under FSIA and withdraws those requests.  Pl.'s Opp. at 20.

on conclusory allegations" to establish personal jurisdiction. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

The "court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of . . . personal jurisdiction." *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002). However, "the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, [plaintiff] may rest [its] arguments on the pleadings, 'bolstered by such affidavits and other written materials as [it] can otherwise obtain.'" *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010), quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005). Any factual discrepancies should be resolved in favor of the plaintiff. *Crane*, 894 F.2d at 456. But, the Court need not treat all of the plaintiff's jurisdictional allegations as true. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). "Instead, the court may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *In re Papst Licensing f. GMBH Co. KG Litig.*, 590 F. Supp. 2d 94, 98 (D.D.C. 2008) (internal quotation marks and citation omitted).

## II.     Federal Rule of Civil Procedure 12(b)(5)

The plaintiff also bears the burden to establish that she has properly effectuated service. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). When the defendant challenges the sufficiency of service, the plaintiff "must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Id.*, quoting C. Wright & A. Miller, *Federal Practice and Procedure* § 1083, at 334 (1969). If plaintiff does not meet that burden, the Court may dismiss the complaint without prejudice for

ineffective service of process. *See* Fed. R. Civ. P. 12(b)(5); *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 368–69 (D.C. Cir. 1997).

## ANALYSIS

Defendant premises its motion to dismiss plaintiff's amended complaint on four grounds. First, defendant argues that the amended complaint should be dismissed for improper service of process and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2). *See* Def.'s Mot. at 1. Second, defendant argues that even if service was proper, Count IV of the amended complaint – which asserts a claim for violation of the D.C. Wage Payment and Collection Law – must be dismissed because it is time-barred under the applicable statute of limitations. *Id.* Third, defendant claims that plaintiff's discrimination claims that are based on alleged violations of Title VII and the ADEA (Counts I, II, and III) must be dismissed because defendant is immune against those claims under FSIA, thereby depriving this Court of subject matter jurisdiction over those claims. *Id.* at 1–2. And fourth, defendant asserts that the amended complaint lacks sufficient facts to support a plausible claim to relief under each of plaintiff's four counts, and that they therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 2. Because the Court finds that plaintiff has failed to properly

effectuate service and that it therefore does not have personal jurisdiction over defendant,[3] it will dismiss plaintiff's amended complaint without reaching defendant's additional arguments.

Section 1608 of FSIA provides the exclusive means for effectuating service on a "foreign state or its political subdivision, agency, or instrumentality." Fed. R. Civ. P. 4(j)(1); *see also Sabbithi v. Al Saleh*, 623 F. Supp. 2d 93, 97 (D.D.C. 2009), quoting *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 58 (D.D.C. 2007). It is divided into two subsections: subsection 1608(a) lists the methods for serving a foreign state or its political subdivision, and subsection 1608(b) lists the methods for serving an agency or instrumentality of a foreign state. 28 U.S.C. § 1608(a)–(b). Whether a defendant must be served under subsection 1608(a) or subsection 1608(b) becomes significant when the defendant challenges the sufficiency of that service: "The authorities generally hold that section 1608(b) may be satisfied by technically faulty service that gives adequate notice to the foreign state," but courts "have rarely excused defective service" under section 1608(a). *Transaero, Inc.*, 30 F.3d at 153–54. Instead, they demand "strict adherence to the terms of 1608(a)," and failure to comply exactly with those terms will result in dismissal of the plaintiff's case. *Id.* at 154; *see also Sabbithi*, 623 F. Supp. 2d at 98 (noting that plaintiffs' failure to adhere strictly to the terms of section 1608(a) was "fatal to plaintiffs' claims"); *Nikbin*, 471 F. Supp. 2d at 68 (finding that "[b]ecause service has not been effected as

---

3  In addition to being a separate, essential requirement for the court to "exercise power over" a party, *see BPA Int'l, Inc. v. Kingdom of Sweden*, 281 F. Supp. 2d 73, 83–84 (D.D.C. 2003), quoting *Murphy Bros., Inc. v. Mitchetti Pipe Stringing*, 526 U.S. 344, 350 (1999), proper service of process is an essential element to establish personal jurisdiction over the foreign state. 28 U.S.C. § 1330(b) ("Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title."); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151 (D.C. Cir. 1994) ("Under [FSIA], 'subject matter jurisdiction plus service of process equals personal jurisdiction.'"), quoting *Tx. Trading & Milling Corp. v. Fed. Republic of Nigeria*, 647 F.2d 300, 308 (2d Cir. 1981).

required under the FSIA, this Court is compelled to hold that it lacks personal jurisdiction over the official-capacity claims"); *Ellenbogen*, 2005 WL 3211428, at *2 (dismissing the plaintiff's case for failure "to properly serve [the Canadian Embassy] pursuant to § 1608(a)(3) because he . . . served process upon the wrong person, . . . failed to include all required documents, and . . . failed to have the documents addressed and dispatched by the clerk of the court").

Here, defendant the Embassy of the Republic of Zambia is considered a "foreign state or [a] political subdivision of a foreign state," and therefore, it must be served in compliance with the requirements of section 1608(a). *Ellenbogen*, 2005 WL 3211428, at *2 ("[I]t is well-settled that an embassy is a 'foreign state' covered by § 1608(a), not an 'agency or instrumentality' thereof."); *see also Int'l Road Fed'n v. Embassy of Democratic Republic of Congo*, 131 F. Supp. 2d 248, 250 (D.D.C. 2001) ("Defendant is a foreign state."). That subsection provides four "exclusive channels through which service may be properly effected upon a foreign state:"

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or
>
> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services – and the Secretary shall transmit one copy of

> the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

*Ellenbogen*, 2005 WL 3211428, at *2, quoting 28 U.S.C. § 1608(a)(1)–(4). A plaintiff may not elect to utilize these methods in any order, though. "'The plain language of § 1608(a) makes clear that the FSIA lists the methods in descending order of preference; a plaintiff may only attempt service through the second method, for example, if service through the first method is unavailable or has proven unsuccessful.'" *Sabbithi*, 623 F. Supp. 2d at 98, quoting *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 101 (D.D.C. 2005).

In this case, neither party argues that there is a special arrangement for service between plaintiff and defendant, and there is no applicable international convention regarding service to which Zambia subscribes. As a result, the preferred method of service here is set forth in subsection 1608(a)(3), and plaintiff must have strictly complied with the terms of that subsection in order to avoid dismissal of her case for insufficient service of process. The Court finds that she did not.

As an initial point, plaintiff does not contest defendant's assertion that her December 12, 2013 service attempt was deficient on several grounds. Pl.'s Opp. at 5. Instead, she directs the Court to her February 3, 2014 attempt to complete service of process and argues that the Court should not dismiss her complaint because she effectuated service in compliance with section 1608(a)(3) before the Court ruled on defendant's motion to dismiss. *Id.* at 5–8. Although courts have permitted a plaintiff to correct insufficient service of process while a motion to dismiss is

pending, *see Phx. Consulting, Inc. v. Republic of Angola*, 35 F. Supp. 2d 14, 16 (D.D.C. 1999), the February 3, 2014 attempt in this case did not solve the problem.[4]

As noted above, this Circuit requires strict adherence to the terms of section 1608(a), and a technical fault in service cannot be overcome by actual notice. *See, e.g.*, *Sabbithi*, 623 F. Supp. 2d at 98 ("'Neither substantial compliance with § 1608(a)'s requirements nor actual notice of the suit excuses plaintiffs' deviation from the section's mandates.'"), quoting *Doe I*, 400 F. Supp. 2d at 102; *Ellenbogen*, 2005 WL 3211428, at *2, quoting *Transaero*, 30 F.3d at 154 ("Plaintiff's contention that 'actual notice' will suffice is incorrect because this Circuit has held that strict adherence to § 1608(a) is required.").

Here, plaintiff's February 3, 2014 service attempt contains a fatal, technical error. Section 1608(a)(3) explicitly states that service of process must "be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned," 28 U.S.C. § 1608(a)(3), but the February 3, 2014 DHL waybill shows that even though plaintiff may have sent the packet of materials to the post office box used by the ministry of foreign affairs, plaintiff did not address it to the head minister. Instead, the mailing label reads: "Embassy of Zambia, P.O. Box 50069, Lusaka City, Zambia." *See* DHL Waybill. The February

---

4  The parties focus their service arguments on whether the Court should recognize plaintiff's February 3, 2014 service attempt or if it should dismiss her complaint for failing to comply with the Court's order that service be completed by December 9, 2013. Specifically, plaintiff provides several examples to demonstrate that she acted in good faith while defendant attempts to counteract that showing. Pl.'s Opp. at 5–6; Def.'s Reply in Supp. of Def.'s Mot. at 2–3 [Dkt. # 25]. But the Court need not consider whether plaintiff has a good faith reason for not properly serving defendant in December. First, the good faith standard set by Federal Rule of Civil Procedure 4(m) that requires a Court to excuse failure to serve a defendant within the time period set by the federal rules does not apply here: "This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Fed. R. Civ. P. 4(m). And second, regardless of whether plaintiff acted in good faith back in December 2013, the Court finds that the February 3, 2014 service attempt does not meet the strict requirements of section 1608(a)(3) and that plaintiff has still not properly served defendant as of the date of this order.

3, 2014 service attempt therefore did not comply with the strict terms of section 1608(a)(3). *Cf. Democratic Republic of Congo v. FB Hemisphere Assocs., LLC*, 508 F.3d 1062, 1063–64 (D.C. Cir. 2007) (recognizing, but ultimately not reaching, the question of whether putting the name of the wrong head minister of foreign affairs would defeat service under section 1608(a)(3)).

In any other context, the Court would be inclined to overlook such a technical error and to find sufficient service based on defendant's apparent actual notice of this lawsuit. But the Court cannot do that here. Like other courts in this district, it is bound to follow the D.C. Circuit's strict interpretation of section 1608(a)(3)'s requirements, which does not permit a section 1608(a) case to proceed based on substantial compliance. *See, e.g.*, *Nikbin*, 471 F. Supp. 2d at 68–69 (finding insufficient service on the sole ground that the plaintiff, instead of the clerk of the court, mailed the service documents); *BPA Int'l, Inc.*, 281 F. Supp. 2d at 84 (finding insufficient service where the plaintiffs "mailed an English language copy of the summons and complaint to Sweden's embassy in Washington, D.C.," and not to the head of the ministry of foreign affairs). Moreover, plaintiff's decision to address the waybill to the "Embassy of Zambia" directly undermines the sole justification for why the D.C. Circuit requires strict compliance with section 1608(a): "[S]ection 1608(a) mandates service of the Ministry of Foreign Affairs [because it is] the department most likely to understand American [legal] procedure." *Transaero*, 30 F.3d at 154; *see also Nikbin*, 471 F. Supp. 2d at 67–68. As a result, the Court finds that plaintiff has failed to properly serve defendant in this case pursuant to section 1608(a)(3), and that the Court therefore does not have personal jurisdiction over the Embassy of the Republic of Zambia.

## CONCLUSION

For the reasons stated above, the Court will grant defendant's motion to dismiss the amended complaint for insufficient service of process and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2). A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: April 11, 2014