## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| DOLORES BAROT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0451 (ABJ) |
| | ) | |
| EMBASSY OF THE REPUBLIC OF | ) | |
| THE ZAMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Delores Barot's Motion for Reconsideration under Federal Rule of Civil Procedure 59(e).  Plaintiff asks this Court to reconsider its order granting defendant's motion to dismiss plaintiff's Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) (2012), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) (2008), and District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1303 *et seq.* (2001), claims for failing to perfect service on defendant in accordance with the strict compliance requirement of section 1608(a)(3) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608 (2012), and thus depriving this Court of personal jurisdiction over defendant.  Order Grant Def.'s Mot. to Dismiss at 1 [Dkt. # 31]; Mem. Op. at 1 [Dkt. # 32]. Because the Court is bound to follow the strict service requirements that apply in this context, it will deny plaintiff's motion for reconsideration.  The Court's prior decision is consistent with binding precedent in this jurisdiction, and the new evidence presented by plaintiff does not alter that conclusion.

"Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001), citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Specifically, "'[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004), quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Plaintiff asks this Court to reconsider its April 11, 2014 order dismissing the amended complaint for insufficient service of process because in her view, she strictly complied with the rules governing service of process under section 1608(a) of FSIA. Plaintiff directs this court to additional evidence that she claims "reflect[s] her strict compliance" with that statute in executing service of process on February 3, 2014. Pl.'s Mem. in Supp. of Pl.'s Mot. for Recons. ("Pl.'s Mem.") at 1–2 [Dkt. # 33-1]. In particular, she asserts that the Court wrongly analyzed the DHL waybill affixed to the service package, and that its factual error led to the wrong legal conclusion. *Id.*; *see also* Reply in Further Supp. of Pl.'s Mot. for Recons. at 1 [Dkt. # 36]. Finally, plaintiff contends that the failure to use the words "Head of" on a mailing label to the foreign ministry should not be fatal under section 1608(a)(3) and that service should be deemed proper because an individual at the Zambian Ministry of Foreign Affairs signed for the package. Pl.'s Mem. at 5, 8; Reply in Further Supp. of Pl.'s Mot. for Recons. at 4. The Court disagrees.

As an initial point, the Court is skeptical that plaintiff's new evidence is the type that is properly reviewed in connection with a Rule 59(e) motion: New evidence presented in connection with that motion that was available and could have been introduced prior to judgment

is barred from consideration.  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). And plaintiff has not explained why the additional emails and documentary evidence that shows the "cosignee" of the service package to be the "Ministry of Foreign Affairs" could not have been presented in connection with her opposition to defendant's motion to dismiss.  This alone would be a sufficient basis for the Court to deny plaintiff's motion for reconsideration on the grounds of new evidence.  But giving plaintiff the benefit of the doubt and reviewing her newly submitted evidence, the Court's conclusion is the same:  plaintiff did not strictly comply with the requirements of section 1608(a)(3).

The question plaintiff asks this Court to reconsider is whether the DHL waybill satisfies the plain language of section 1608(a)(3), which requires that the service package must be addressed "to the head of the ministry of foreign affairs."  28 U.S.C. § 1608(a)(3).  It does not. Review of the DHL waybill shows that plaintiff addressed the February 3, 2014 shipment:

> To: Embassy of Zambia
> P.O. Box 50069
> LUSAKA CITY
> Zambia

DHL waybill [Dkt. # 23-1], not to "the head of the ministry of foreign affairs" as is required by the statute.  The significance of this error is magnified when one considers that, although the package was sent to a P.O. Box in Lusaka, Zambia, the addressee, "the Embassy of Zambia," would not be located in Zambia at all.

Plaintiff attempts to cure this problem by directing the Court to a notation on the upper right hand corner of the DHL waybill, which reads "Contact: Min. Foreign Affairs 260 211 252666."  She argues that including this language satisfies the requirements of section 1608(a)(3).  Pl.'s Mem. at 7, citing DHL waybill.  But that addition does not put plaintiff in strict compliance with section 1608(a)(3).  Plaintiff's new evidence – in the form of emails

between counsel and DHL – shows that "Min. Foreign Affairs" was intended as an abbreviation for "Ministry of Foreign Affairs," not "Minister of Foreign Affairs."  Decl. of Denise M. Clark ("Clark Decl.") ¶ 5 [Dkt. # 33-3] ("An e-mail dated January 31, 2014 was sent by DHLOnline at 4:26 pm to me confirming that the shipment label was printed for delivery to 'Min.Foreign Affairs of Embassy of Zambia.'   The Term 'Ministry' was abbreviated due to space limitations."); Commercial Invoice, Ex. A to Clark Decl. [Dkt. # 33-3] (listing the cosignee as "Ministry of Foreign Affairs").   The plain language of the statute requires that the service package be addressed to the head of the ministry, or the minister of foreign affairs, not to the ministry in general.  *See* 28 U.S.C. § 1608(a)(3).  As a result, plaintiff's additional evidence does not cure the technical defect in the February 3, 2014 service attempt.

Plaintiff faults this Court for dismissing the amended complaint on a technicality and for commanding strict adherence to the plain language of section 1608(a)(3).  Pl.'s Mem. at 5.  But as this Court noted in its previous opinion, courts in this Circuit "have rarely excused defective service" under section 1608(a).  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153–54 (D.C. Cir. 1994).  They require "strict adherence to the terms of 1608(a)" and will dismiss the plaintiff's case absent exact compliance with the statute.  *Id.* at 154; *see also Doe I v. State of Israel*, 400 F. Supp. 2d 86, 102 (D.D.C. 2005) ("The requirements of § 1608(a) are applied strictly."); *Ellenbogen v. Canadian Embassy*, No. 05-01553, 2005 WL 3211428 at *2 (D.D.C. Nov. 9, 2005) (noting that failure to "properly serve [the Canadian Embassy] pursuant to § 1608(a)(3) because he . . . served process upon the wrong person").  "Neither substantial compliance with § 1608(a)'s provisions nor [defendant's] actual notice of the suit excuses plaintiffs' deviation from the section's mandates."  *Sabbithi v. Al Saleh*, 623 F. Supp. 2d 93, 98 (D.D.C. 2009), quoting *Doe I*, 400 F. Supp. 2d at 102.  In fact, another court in this district

previously found service insufficient on the ground that the party – instead of the clerk of the court as required by section 1608(a)(3) – mailed the service packet to the foreign state. *Nikbin v. Islamic Republic of Iran*, 471 F. Supp. 2d 53, 68–69 (D.D.C. 2007).   As other courts in this district have found, this Court is bound to follow the Circuit Court's directive to require strict adherence to section 1608(a)'s plain language when evaluating defendant's challenge to plaintiff's service.

Plaintiff also challenges this Court's holding on the ground that no other court has required "head of" or the name of the minister before there is proper service under section 1608(a)(3).  Pl.'s Mem. at 5–7.  But this argument ignores the plain language of that section, and it overlooks the fact that this issue has not been presented to a court before.  For example, plaintiff relies on *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 173 (D.D.C. 2006), as support for her position.  But – even if that case was binding on this Court as plaintiff suggests – it is readily distinguishable:  the mailing labels in that case were addressed to the head of the ministry of foreign affairs.[1]  *See* Ex. A. to Def.'s Opp. to Pl.'s Mot. for Recons. [Dkt. # 35-1].

Finally, plaintiff's reliance on the signed receipt she received from DHL, indicating that the service package was delivered, is misplaced.  Pl.'s Mem. at 8.  It is well-settled in this Circuit

---

[1]      Plaintiff argues that her failure to use the words "head of" on a mailing label should not be fatal under section 1608(a)(3).  Pl.'s Mem. at 5–7.  The Court agrees.  But as discussed above, plaintiff's error was not simply her failure to include the words "head of;" it was her failure to make any reference to the individual – whether by name or by title – who occupies the office of the head of the ministry of foreign affairs as the addressee of the package.

This conclusion is consistent with *Democratic Republic of Congo v. FG Hemisphere Associates, LLC*, 508 F.3d 1062 (D.C. Cir. 2007).  In that case, the court briefly considered whether the inclusion of the name of a former Minister of Foreign Affairs could defeat service when a new Minister had taken office.  *Id.* at 1063–64.  It ultimately did not reach the issue because it found that defendant waived its ability to challenge service, but the court did note its skepticism as to whether "subsection (a)(3) . . . require[d] the name of the head of the ministry of foreign affairs."  *Id.* at 1063.  It did not address instances where the service package is not even addressed to the Minister of Foreign Affairs, as in an individual or office, generally, but is instead addressed to the Embassy, with a note to "contact" the Ministry of Foreign Affairs.

that actual notice is not enough to establish proper services under section 1608(a)(3).  *See Ellenbogen*, 2005 WL 3211428, at *2, quoting *Transaero*, 30 F.3d at 154 ("Plaintiff's contention that 'actual notice' will suffice is incorrect because this Circuit has held that strict adherence to § 1608(a) is required.").   The Court is aware that dismissal in this case results in harsh consequences for plaintiff, and as it noted in its previous opinion, in any other circumstances the Court would readily find the technical problems with her service excused by defendant's receipt of the service package.  But it must nonetheless follow this Circuit's "strict adherence" precedent – which is based on the general recognition that service on foreign entities not only concerns the rights of the parties to an instant case but also implicates the United States' interests in abiding by the procedures it sets for permitting individuals to sue foreign nations – and hold plaintiff accountable for failing to adhere strictly to the plain language of section 1608(a)(3).

The Court therefore finds that, because plaintiff did not strictly comply with the requirement in section 1608(a)(3) that the service package be mailed "to the head of the ministry of foreign affairs," she failed to perfect service on defendant in this case.  Plaintiff has not met her burden to show that the motion to dismiss was not properly granted, and as a result, the Court will deny her motion for reconsideration.  A separate order will issue.



AMY BERMAN JACKSON
United States District Judge


DATE:  June 2, 2014

6